IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RODNEY C. MOORE,

           Petitioner,                          ORDER

     v.                                                   08-cv-573-slc

STATE OF WISCONSIN,

           Respondent.

---

Petitioner Rodney Moore has filed what appears to be an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 3 of the Rules Governing Section 2254 Cases, the petition must be accompanied by:

(1)     the five dollar ($5) filing fee; OR

(2)     a motion for leave to proceed *in forma pauperis*, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution.

As of the date of this order, petitioner has not submitted either the filing fee or the paperwork necessary to support a determination that he is entitled to proceed without paying the filing fee.

In a note submitted with his petition, petitioner states that evidence supporting his petition can be found in two previous § 1983 cases that he filed in this court: *Moore v. Dane County et al*, 08-cv-300-slc and *Moore v. Speech et al*, 08-cv-301-slc. He also asks the court to

permit him to use money from his release fund to cover the costs associated with providing the court with evidence supporting claims of perjury. I note that in both cases, petitioner moved to proceed *in forma pauperis* and supported his request with a six-month trust fund statement. However, the last trust fund statement that he submitted was from May 2008. If he wishes to request leave to proceed *in forma pauperis*, petitioner must submit a trust fund account statement for the six-month period *immediately* preceding the filing of his habeas corpus petition. *See Longbehn v. U.S.*, 169 F.3d 1082 (7th Cir. 1999).

For petitioner's sake, I also note that the rules governing habeas petitions provide that the petition must specify all the grounds for relief available to the petitioner and state the facts supporting each ground. Rule 2(c) of the Rules Governing Section 2254 Cases. The conclusory "notice pleading" permitted in civil suits is inadequate in habeas cases, since "the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Note to Habeas Rule 4 (quoting *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir.1970)). The petition must cross "some threshold of plausibility" before the state will be required to answer. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir.1996). Although he has attempted to describe his claims in a document entitled "Petition for Writ of Coram Nobis," he fails to provide enough facts from which to allow this court to conclude that his detention is illegal. Further, petitioner provided no information about his underlying conviction or whether he raised his instant claims in state court. Before petitioner is allowed to proceed, he must supplement his petition with this information and facts showing that his custody is unlawful.

Accordingly, copies of blank applications for leave to proceed *in forma pauperis* and for a petition for a writ of habeas corpus are being mailed to petitioner with this order. Petitioner should complete the application for leave to proceed *in forma pauperis* and return it to the court on or before October 20, 2008. Alternatively, he must submit the $5 filing fee. The court will take no further action on the petition until petitioner returns a completed application for leave to proceed *in forma pauperis* or submits the filing fee. If and when petitioner makes either of these submissions, he will be given an opportunity to supplement his petition as discussed above. However, if petitioner fails to make either of these submissions by October 20, 2008, the court will dismiss the petition for failure to prosecute.

Entered this 3rd day of October, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge